**SPRINTURF, INC. and Hank Julicher, Plaintiffs,**

v.

**SOUTHWEST RECREATIONAL IN-DUSTRIES, INC., and Villanova University, Defendants.**

**Civil Action No. 01–7158.**

United States District Court, E.D. Pennsylvania.

Sept. 10, 2003.

See also 277 F.Supp.2d 508, 2003 WL 21976752.

---

Julianna Burdo, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, Kirk A. Gasperecz, Adams & Reese, Chris P. Perque, Adams and Reese, LLP, New Orleans, LA, for Defendant.

Anthony J. Dimarino, III, McShea Tecce PC, Philadelphia, PA, Joseph M. Fioravanti, Media, PA, Frederick A. Tecce, McShea Tecce PC, Philadelphia, PA, for Plaintiff.

## OPINION

POLLAK, District Judge.

On April 29, 2003, plaintiffs Hank Julicher and Sprinturf, Inc., filed a Motion For Leave To File An Amended Complaint with this court (# 104), asking to add George Avery and Avery Sports Turf, Inc., as defendants, and to bring new claims of fraud, negligent misrepresentation and civil conspiracy against these new defendants as well as the existing defendants, and a claim for breach of contract against George Avery and Avery Sports Turf, Inc., alone. Defendants Southwest Recreational Industries, Inc., and Villanova University filed a Memorandum in Opposition to plaintiffs' Motion on May 13, 2003 (# 107) and plaintiffs filed a Reply Memorandum on May 23, 2003 (# 112).

Federal Rule of Civil Procedure Rule 15(a) states that leave to amend "shall be given when justice so requires." This rule provides considerable discretion to courts in deciding whether or not to grant leave to amend a complaint, and the Supreme Court has stated that "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In *Foman,* the Supreme Court went on to identify certain criteria that would be relevant in evaluating a party's motion for leave to amend a filing.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id.*

■ I have reviewed the parties' motions in this matter and conclude that plaintiffs' request to amend should be denied. Plaintiffs have failed adequately to demonstrate the requisite justifiable reliance prong of their fraud and misrepresentation claims. Since the new claims sought to be included could not, under governing Pennsylvania law, survive a Federal Rule 12(b)(6) motion to dismiss, amendment to add these claims would be futile.

■ To establish the justifiable reliance prong of their proposed fraud and negligent misrepresentation claims, plaintiffs state that they relied upon the "statements made by defendants Avery and Southwest and has [sic] expended significant time and effort to address and refute these false and fraudulent statements." Plaintiffs' Proposed Amended Complaint at 16, 18. Plaintiffs cannot establish justifiable reliance on these grounds. "The recipient of a fraudulent misrepresentation is not justified in relying upon its truth if he knows that it is false or its falsity is obvious to him," Restatement (Second) of

Torts § 541 (1977), and plaintiffs do not suggest that at any time they credited, let along acted pursuant to, what they allege to be false statements made by defendants and Avery. Moreover, it would be paradoxical to allow plaintiffs to amend their complaint based on the proposition that because of their reliance on statements they knew to be false, they pursued additional litigation against George Avery and his company and the current defendants to prove the statements' falsity. As a general matter, litigation is all about proving the non-tenability of an opposing party's claims; thus, the decision to pursue litigation with a view to establishing the falsity of assertions made by an opposing party cannot serve as the basis for a party's justifiable reliance claim.

■ Having failed to establish one of the elements of both the fraud and negligent misrepresentation claims, plaintiffs also cannot amend their complaint to include the proposed civil conspiracy charge. A claim for civil conspiracy requires proof of a separate underlying tort as a predicate for the conspiracy. *Haymond v. Haymond*, 2001 WL 74630, at *2 (E.D.Pa. 2001). Thus, without either an underlying tort of fraud or of negligent misrepresentation, plaintiffs' conspiracy claim would be futile as well.

Because plaintiffs cannot amend their complaint to include the fraud, negligent misrepresentation or conspiracy claims, there is no basis for amending the complaint to include the proposed new defendants Avery and Avery Sports Turf, Inc., or the proposed breach of contract claim against them.

Therefore, it is ORDERED that plaintiffs' Motion For Leave To File An Amended Complaint (# 104) is DENIED.